```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD TROVATO,

                                  Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT, et al.,

                                  Defendants.

**ORDER ON MOTION FOR ALTERNATIVE SERVICE**

24-CV-9833 (PAE) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On January 23, 2025, pro se Plaintiff filed a letter, which the Court construes as a motion for alternative service seeking to serve Defendant Patrick Sweeney via email and direct mail to his residence. (ECF No. 24)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual located in the United States may be served pursuant to the law of the forum state or the state in which service is effectuated. Fed. R. Civ. P. 4(e)(1). As this case was brought in New York, Defendant may be served pursuant to New York law. Section 308 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") provides that an individual may be served personally or by delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served[.]" N.Y. C.P.L.R. §§ 308(1)-(2). If service under these two methods "cannot be made with due diligence," service may be effectuated by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by [] mailing" the summons to the individual's last known residence. N.Y. C.P.L.R. §§ 308(4). The due diligence standard is not defined by statute but is applied on a case-by-case basis. *Est. of*

*Waterman v. Jones*, 843 N.Y.S.2d 462, 464 (N.Y. App. Div. 2007).  Courts in New York have found due diligence to be satisfied with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times[.]" *Ramirez v. Escobar*, 213 N.Y.S.3d 418, 420 (N.Y. App. Div. 2024) (collecting cases).

Here, the process server made six attempts to serve Defendant Patrick Sweeney at his residence in Barnegat, New Jersey.  (*See* ECF No. 24 at p. 2)  The attempts at service were made at different times when Defendant could reasonably be expected to be found at his residence, including late weekday evenings, a weekday afternoon, an early weekday morning, and a weekend morning.  *See Wilmington Tr. Co. v. Gewirtz*, 147 N.Y.S.3d 606, 608 (2021) (finding plaintiff satisfied due diligence because there were four attempts to serve the defendants including "on a late weekday evening, an early weekday morning, a weekend evening, and a weekday afternoon").  Indeed, the process server's affidavit states that after due search, careful inquiry and diligent attempts at [] [Defendant's] address[], [the process server] [has] not been able to effect service of said process."  (*See* ECF No. 24 at p. 2)

Accordingly, Plaintiff's motion for alternative service is GRANTED.  For Defendant Patrick Sweeney, Plaintiffs shall affix the summons and complaint "to the door of either the actual place of business, dwelling place or usual place of abode" for Defendant, and shall mail the summons and complaint to Defendant's last known residence.

**The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.**

Dated: January 24, 2025
      New York, New York

**SO ORDERED.**

_____
KATHARINE H. PARKER
United States Magistrate Judge