**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICHARD TROVATO,

                Plaintiff,

     v.

NEW YORK CITY POLICE
DEPARTMENT, DENNIS WALSH,
PATRICK SWEENEY, MICHAEL
CARROLL, OWEN BROWN, MARISSA
BROWN, PETERS BROVNER LLP and
JOHN DOES 1-10,

                Defendants.

**Case No. 1:24-cv-09833**

**AMENDED COMPLAINT**
**& JURY DEMAND**

Plaintiff, acting Pro Se, complaining of the Defendants for his Amended Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Richard Trovato brings this action against the Defendants, including the New York City Police Department ("NYPD"), associated individuals, and private parties acting in concert, for violating his constitutional rights, including under 42 U.S.C. § 1983, and for violations of New York Criminal Procedure Law (CPL) §§ 160.50, 160.55, and 160.59 by illegally accessing, obtaining, and disclosing his sealed records, conspiring to use those records against him, and depriving him of his right to due process and equal protection under the law. Plaintiff further alleges that Defendants engaged in a conspiracy to interfere with his civil rights, violating his privacy and causing irreparable harm to his reputation and legal standing.

2. Plaintiff alleges Defendants violated his constitutional rights, including his Fourth Amendment rights, by unlawfully accessing his sealed criminal records and a sensitive Special Victims Division ("SVD") case file from 2007.

3. Plaintiff also brings this action under New York Criminal Procedure Law ("CPL") §§ 160.50, 160.55, and 160.59, alleging the improper and unauthorized disclosure of sealed records.

4. Plaintiff alleges Defendants violated CPL §§ 160.50, 160.55, and 160.59 by improperly and unlawfully accessing sealed records and sensitive case files, disclosing confidential information from the sealed records, and copying and forwarding the sensitive case files to other Defendants, who then used such

information to prejudice potential witnesses in a separate civil lawsuit (*Brown v. Trovato,* Case No. 1:23-cv-9895) in the U.S. District Court for the Southern District of New York.

5.   Plaintiff seeks damages in the amount of $75,000, plus costs, legal fees, and punitive damages.

## PARTIES

6.   Plaintiff Richard Trovato is over the age of 18 and presently resides at 347 West 30th Street, Apartment 1A, New York, New York 10001.

7.   Defendant NYPD is a municipal agency responsible for law enforcement within New York City.

8.   Defendant Dennis Walsh is, upon information and belief, a current or former NYPD officer and a resident of New York, and alleged to have acted under color of state law and conspired with other Defendants to unlawfully access and disseminate Plaintiff's sealed criminal records and sensitive information.

9.   Defendant Patrick Sweeney is, upon information and belief, a resident of New Jersey and owns PDMS Protection Services, a private security company, and is alleged to have conspired with other Defendants to unlawfully access, knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information.

10.  Defendant Michael Carroll is, upon information and belief, a resident of New York and private investigator retained by Defendant Peters Brovner LLP on behalf of Defendant Marissa Brown and alleged to have conspired with other Defendants to unlawfully access, knowingly receive and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information.

11.  Defendant Owen Brown is, upon information and belief, a resident of Louisiana and father of Defendant Marisa Brown, both of whom are alleged to have conspired with other Defendants to unlawfully access, knowingly receive and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information.

12.  Defendant Marissa Brown is, upon information and belief, a resident of Louisiana and alleged to have conspired with other Defendants to unlawfully access, knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information, and used such illegally obtained records to further a legal action against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895).

13.  Defendant Peters Brovner LLP is, upon information and belief, a law firm formed under the laws of New York with a principal place of business in New York, is representing Defendants Marissa Brown and Owen Brown in *Brown v. Trovato,* Case No. 1:23-cv-9895, and is alleged to have conspired with other Defendants to unlawfully access,

knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information, and used such illegally obtained records to further a legal action against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895).

14. Defendants John Does 1-10 are unknown individuals who participated in the unlawful access and dissemination of Plaintiff's sealed records, whose residences are currently unknown.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

16. This Court has personal jurisdiction over the NYPD as it is a municipal agency of New York City.

17. This Court has personal jurisdiction over Defendants Dennis Walsh, Michael Carroll, and Peters Brovner LLP as they are, upon information and belief, residents of New York or entities formed under the laws of New York.

18. This Court has personal jurisdiction over Defendants Marisa Brown and Owen Brown as they have, upon information and belief, engaged in purposeful activities within New York that give rise to the claims in this Amended Complaint, and exercising personal jurisdiction would be consistent with due process requirements,  Such purposeful activities include conspiring with NYPD and other Defendants residing in New York to unlawfully access, knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information to further legal action in New York against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895), engaging Defendant Peters Brovner LLP, a New York law firm, for such legal action, and availing themselves of the courts in New York for such legal action.

19. This Court has personal jurisdiction over Defendant Patrick Sweeney as he has, upon information and belief, engaged in purposeful activities within New York that give rise to the claims in this Amended Complaint, and exercising personal jurisdiction would be consistent with due process requirements.  Such purposeful activities include conspiring with NYPD and other Defendants residing in New York to unlawfully access, knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information to further legal action in New York against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895), and entering an arrangement to provide services in New York to Defendants Marisa Brown and Owen Brown to utilize his insider access with NYPD and Defendant Dennis Walsh to unlawfully access, knowingly receive and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information.

20. This Court has personal jurisdiction over Defendants John Does 1-10, as they have, upon information and belief, engaged in purposeful activities within New York that give rise to the claims in this Amended Complaint, and exercising personal jurisdiction would be

consistent with due process requirements. Such purposeful activities include conspiring with NYPD and other Defendants residing in New York to unlawfully access, knowingly receive, and disseminate Plaintiff's illegally obtained sealed criminal records and sensitive information to further legal action in New York against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895)

21.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

22.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and one or more Defendants.

23.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the alleged acts occurred within the Southern District of New York, and some Defendants reside in this judicial district.

## STATEMENT OF FACTS

24.  On or about November 6, 2023, Defendant Dennis Walsh, acting in his capacity as an NYPD officer, unlawfully accessed Plaintiff Richard Trovato's sealed records, including arrest reports and related documents that were protected under New York Criminal Procedure Law §§ 160.50, 160.55, and 160.59.

25.  Walsh then forwarded these sealed records to Defendant Patrick Sweeney, who subsequently passed them along to Defendant Owen Brown.

26.  Defendant Owen Brown, in turn, shared these sealed records with Defendants Marissa Brown, Michael Carroll, and Peters Brovner LLP, who used them to initiate and advance legal action against Plaintiff (*Brown v. Trovato,* Case No. 1:23-cv-9895).

27.  Despite the NYPD's denial of possessing such records in response to Plaintiff's Freedom of Information Law (FOIL) request (FOIL-2024-056-31210), Defendant Marissa Brown produced these records during discovery in *Brown v. Trovato*, Case No. 1:23-cv-9895. This contradiction strongly suggests that NYPD either engaged in spoliation of evidence or facilitated the improper disclosure of sealed records. In addition, the records produced during discovery did not include a toxicology report or rape kit that was performed on Defendant Marissa Brown as stated in other records from NYU Hospital that also were produced by Defendant Marrisa Brown. The missing toxicology report and rape kit further underscores the potential tampering or selective disclosure of evidence. Given that NYPD denies the existence of any of the records that were produced by Defendant Marissa Brown and that she has not provided any chain of custody for such records, the validity of such records are clearly suspect.

28.  The contradiction between NYPD's denial and the availability of these records through Defendant Marissa Brown demonstrates a deliberate effort to hide or manipulate evidence.

29. Upon information and belief, Defendant Marrisa Brown obtained Plaintiff's identity and records through Defendant Walsh and Defendant Sweeney, an insider associated with her father Defendant Owen Brown, rather than through lawful legal channels. In Defendant Marissa Brown's discovery disclosures, there were numerous emails and text messages among the Defendants that show that Defendant Marissa Brown did not know the identity of the Plaintiff and would not be able to file *Brown v. Trovato*, Case No. 1:23-cv-9895 without the unlawfully obtained records.

30. In Defendant Marissa Brown's discovery disclosures, there were numerous emails and text messages among the Defendants that provide direct evidence of the conspiracy, including their knowledge that the acts were unlawful and even attempts to cover up the activities by making sure the unlawfully accessed records were placed somewhere were they would be found by NYPD when Plaintiff sought production of such records from NYPD. Ultimately, the coverup failed because NYPD now claims that they do not have possession or control of such records.

31. Upon information and belief, Peters Brovner LLP, Defendant Marissa Brown's lawyer and/or Michael Carroll, their private investigator, researched Trovato's financial status before deciding to sue, implying an improper motive for litigation.

32. Defendant Marissa Brown later began reconsidering pursuing the lawsuit, demonstrating inconsistencies in her allegations.

33. The dissemination of these sealed records caused irreparable harm to Plaintiff's reputation and has prejudiced ongoing legal proceedings against him.

## CLAIMS FOR RELIEF

### Count I - Violation of 42 U.S.C. § 1983 (Due Process and Equal Protection)
(against defendants NYPD, Dennis Walsh, Patrick Sweeney, Michael Carroll, Owen Brown, Marissa Brown, Peters Brovner LLP, and John Does 1-10)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants, acting under color of law, conspired to deprive Plaintiff of his constitutional rights.

36. Defendants unlawfully accessed, knowingly received, and disseminated Plaintiff's illegally obtained sealed records, including arrest reports and related documents, in violation of his constitutional rights to due process and equal protection under the law.

37. Defendant NYPD, through its employees and agents, accessed and disclosed Plaintiff's sealed records without proper authorization or legal justification.

38. Defendant Dennis Walsh, acting in his capacity as an NYPD officer, unlawfully accessed Plaintiff's sealed records on or about November 6, 2023.

39.  Defendants Patrick Sweeney, Owen Brown, Marissa Brown, Michael Carroll, Peters Brovner LLP, and John Does 1-10 conspired with and/or aided and abetted state actors in obtaining and disseminating Plaintiff's sealed records.

40.  Defendants accessed and disclosed Plaintiff's sealed records on or about November 6, 2023, without providing any notice to Plaintiff or opportunity for him to object to the disclosure.

41.  Defendants' actions deprived Plaintiff of due process by failing to afford him notice and an opportunity to challenge the disclosure of his sealed records.

42.  Upon learning of the unlawfully obtained records, Plaintiff has challenged and will continue to challenge the disclosure of such records in *Brown v. Trovato*, Case No. 1:23-cv-9895.  Defendant Marrisa Brown has also challenged and continues to oppose Plaintiff's efforts to prevent the disclosure of such records.

43.  The disclosure by Defendant Marrisa Brown of unlawfully obtained records and potentially false or incomplete information (missing toxicology report and rape kit) has harmed Plaintiff's defense in *Brown v. Trovato*, Case No. 1:23-cv-9895, violating his right to equal protection and due process under the law.

44.  Defendants engaged in a conspiracy to target Plaintiff unfairly, violating his right to equal protection and due process under the law.

45.  Defendants selectively accessed and disclosed Plaintiff's sealed records while, upon information and belief, not engaging in similar conduct with respect to other individuals' sealed records.

### Count II - Violation of New York CPL §§ 160.50, 160.55, and 160.59
(against all defendants)

46.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47.  Defendants violated New York Criminal Procedure Law §§ 160.50, 160.55, and 160.59 by unlawfully accessing and disclosing sealed criminal records.

48.  Defendant NYPD, through its employees and agents, accessed Plaintiff's sealed records in violation of New York Criminal Procedure Law.

49.  Defendant Dennis Walsh, acting in his capacity as an NYPD officer, unlawfully accessed Plaintiff's sealed records on or about November 6, 2023, in violation of New York Criminal Procedure Law.

50.  In Defendant Marissa Brown's discovery disclosures, there were numerous emails and text messages among the Defendants that provide direct evidence of the conspiracy, how the records were accessed through unlawful means and improper chain of custody,

including their knowledge that the acts were unlawful and even attempts to cover up the activities.

51. Defendants disclosed Plaintiff's sealed records in violation of New York Criminal Procedure Law.

52. Defendants Patrick Sweeney, Owen Brown, Marissa Brown, Michael Carroll, Peters Brovner LLP, and John Does 1-10 received and further disseminated Plaintiff's sealed records, knowing or having reason to know that such records were sealed and protected under New York law.

53. In Defendant Marissa Brown's discovery disclosures, numerous emails and text messages among the Defendants and potential witnesses that provide direct evidence of the conspiracy to prejudice Plaintiff in the legal action Brown v. Trovato, Case No. 1:23-cv-9895.

54. Such violations directly harmed Plaintiff's privacy interests and legal rights.

### Count III - Civil Conspiracy
(against all defendants)

55. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 54 as if fully set forth herein.

56. Defendants conspired to obtain and disseminate Plaintiff's sealed records, knowing such access was unauthorized and unlawful.

57. The coordinated efforts between Defendants, including NYPD officers and private individuals, demonstrate a concerted effort to violate Plaintiff's rights.

58. Defendants agreed to unlawfully obtain and disseminate Plaintiff's sealed records.

59. Defendant Dennis Walsh agreed with other defendants to access and share Plaintiff's sealed records, knowing such access was unauthorized and unlawful.

60. Defendants Patrick Sweeney, Owen Brown, Marissa Brown, Michael Carroll, Peters Brovner LLP, and John Does 1-10 agreed to receive and further disseminate the unlawfully obtained sealed records.

61. In Defendant Marissa Brown's discovery disclosures, there were numerous emails and text messages among the Defendants that provide direct evidence of overt acts committed by the Defendants in furtherance of their conspiracy.

62. Defendant Dennis Walsh accessed Plaintiff's sealed records on or about November 6, 2023, in furtherance of the conspiracy.

63. Defendants Patrick Sweeney, Owen Brown, Marissa Brown, Michael Carroll, Peters Brovner LLP, and John Does 1-10 received and further disseminated the sealed records in furtherance of the conspiracy.

64. Plaintiff suffered damages as a result of the conspiracy.

65. The unlawful access and dissemination of Plaintiff's sealed records caused irreparable harm to his reputation and prejudiced ongoing legal proceedings against him.

66. As a result of Defendants' actions, Plaintiff has been unable to procure employment in his profession as a musician.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. Compensatory damages against all Defendants in excess of $75,000 for reputational harm, loss of earnings, emotional distress, psychological harm, anxiety, humiliation, pain and suffering, family and social disruption, and other harm;

B. Punitive damages against all Defendants to deter future violations in an amount to be determined at trial;

C. Pre-judgment and post-judgment interest as allowed by law;

D. Attorney's fees and costs, including pursuant to 42 U.S.C. § 1983 for deprivation of rights, in an amount to be determined at trial;

E. A declaration that Defendants violated Plaintiff's constitutional and statutory rights;

F. An order directing the NYPD to conduct an internal investigation into the unauthorized access of sealed records;

G. An injunction preventing further dissemination of Plaintiff's sealed records; and

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  March 14, 2025

Respectfully submitted,

/s/ Richard Trovato
*Pro Se* Plaintiff
347 West 30th Street, Apartment 1A
New York, New York 10001
Email: richardtrovato13@gmail.com
Phone: (917) 669-2669
