UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD TROVATO,

Plaintiff,

-v-

NYC POLICE DEPARTMENT ET AL.,

Defendants.

24 Civ. 9833 (PAE) (KHP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On December 20, 2024, Richard Trovato initiated this action, alleging that defendants

violated his constitutional rights by disclosing and/or accessing his sealed criminal records and

sensitive case files. Dkt. 38 ("AC"). Trovato alleged that such records were then used against

him by defendant Marissa Brown in a 2023 lawsuit she filed, *id.* at 4, in which Brown claimed

that Trovato forcibly raped her in a dance club bathroom. *See Brown v. Trovato*, No. 23 Civ.

9895, Dkt. 76 at 1 (S.D.N.Y. Oct. 23, 2024). Trovado here sues the New York City Police

Department ("NYPD"), New York City Police Lieutenant Dennis Walsh, and private persons

Brown, Patrick Sweeney, Michael Carroll, and Owen Brown (the "Brown defendants"), Peters

Brovner, LLP ("Brovner LLP"), and John Does 1–10. *See* AC at 2–3.

Four motions to dismiss have been filed, by defendants (or groups of defendants),

arguing, under Federal Rule of Civil Procedure 12(b)(6), that Trovato's AC does not state a

claim. Dkts. 42, 69, 72, 79.[1] On April 25, 2025, the Brown defendants filed a motion for

---

[1] On April 3, 2025, the NYPD moved to dismiss. Dkt. 42. On May 5, 2025, Walsh and Brovner
LLP moved to dismiss. Dkts. 69, 72. On May 30, 2025, the Brown defendants moved to
dismiss. Dkt. 79.

sanctions against Trovato, pursuant to Federal Rule of Civil Procedure 11(c)(2). Dkt. 60. Trovato opposed all these motions. Dkts. 77, 85.[2] Defendants replied. Dkts. 87, 90, 92, 93, 94.[3]

Before the Court is the October 6, 2025 Report and Recommendation of the Honorable Katharine H. Parker, United States Magistrate Judge. Dkt. 96 ("Report"). It makes three recommendations. First, the Report recommends granting the motions to dismiss. It finds that Trovato has failed to plausibly plead a claim under 42 U.S.C. § 1983. And because the baseless § 1983 claim was the sole ground that the AC asserted for federal jurisdiction, *see* 28 U.S.C. § 1331, the Report recommends dismissing the remaining claims for lack of subject matter jurisdiction, Report at 8–10. Second, the Report recommends denying leave to amend because even a liberal reading of the AC "does not give any indication that [Trovato] could state a valid federal claim." *Id.* at 11. Third, it recommends denying the motion for sanctions because "it cannot conclude that [Trovato] acted in bad faith, relied on a falsehood, or made claims utterly lacking in support." *Id.* at 12 (citation omitted). Trovato has not objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has

---

[2] On May 9, 2025, Trovato opposed the motion for sanctions. Dkt. 77. On June 6, 2025, Trovato opposed the motions to dismiss. Dkt. 85.

[3] On June 13, 2025, the Brown defendants replied in support of their motion for sanctions. Dkt. 87. Defendants replied in support of their motions to dismiss on June 18, 2025, Dkt. 90, and June 19, 2025, Dkts. 92–94.

been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that Trovato's failure to object within 17 days "shall result in a waiver of those objections for purposes of appeal," Report at 14, Trovato's failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Parker's Report in its entirety. The Court grants defendants' motions to dismiss, denies Trovato leave to amend, and denies the motion for sanctions. The dismissal is, however, without prejudice to Trovato's right to pursue his state-law claims in a court of competent jurisdiction. The Court respectfully directs the Clerk of Court to mail a copy of this decision to Trovato at the address on file, terminate the motions at dockets 42, 60, 69, 72, and 79, and close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: November 17, 2025
         New York, New York